# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2012

No. 11-51015
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON RICO ROJO, also known as Raul Gonzalez-Rojo, also known as Ramon
Rico-Rojo, also known as Raul Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1329-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramon Rico Rojo appeals the concurrent 41-month within-guideline
sentences he received following his guilty plea to illegal reentry into the United
States after deportation and improper use of another's passport. Rojo argues
that his total sentence is greater than necessary to meet the sentencing goals of
18 U.S.C. § 3553(a). He specifically contends that the district court erred in not
granting his request for a sentencing variance because it did not consider his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

benign reasons for illegally reentering the country or his argument that the Sentencing Guidelines overstated his criminal history.

We review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009).

To the extent that Rojo raises a procedural reasonableness argument by asserting that the district court did not consider all of the § 3553(a) factors, the argument is without merit given that the record reveals that the district court did consider all of the sentencing factors. Although the district court did not expressly state that it had considered the § 3553(a) sentencing factors, a mechanical recitation of the § 3553(a) factors was not necessary. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Furthermore, when reviewing the reasonableness of a sentence within a properly calculated guideline range, we generally will infer that the district court considered all of the fair sentencing factors set forth in the Sentencing Guidelines. *United States v. Mares*, 402 F.3d at 511, 519 (5th Cir. 2005). The record reflects that the district court considered Rojo's arguments for mitigating his sentence, as well as the § 3553(a) factors, but implicitly overruled his arguments and concluded that a within-guidelines sentence was "reasonable" considering the circumstances of the case. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Rojo's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

No. 11-51015

Furthermore, Rojo's 41-month sentence, which is at the bottom of the guideline range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Rojo has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines prison term. *See Gall*, 552 U.S. at 51. Accordingly, the judgment of the district court is AFFIRMED.